In the Matter of ALBERT E. RAHM, an Attorney, Respondent.

First Department, December 1, 1916.

**Attorney at law suspended from practice — false statements to client — unauthorized suit.**

Attorney at law suspended from practice for one year for falsely representing to a client that he had already begun an action when in fact he had merely delivered a summons to a process server, for beginning an action without authority and for falsely representing to a prospective client that he had entered judgment in favor of another client in a suit involving similar matters.

DISCIPLINARY PROCEEDING instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* attorney [*Forsyth Wickes* of counsel], for the petitioner.

*D. W. Steele, Jr.,* for·the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in December, 1906. The learned official referee has reported that in his opinion the following charges against the respondent have been sustained: *First,* that respondent by letter dated June 19, 1913, to his client Magruder falsely represented that an action had already been begun, and on June 23, 1913, without authority commenced an action in the Supreme Court in behalf of Magruder by the service of a summons only; and, *second,* that the respondent falsely represented to one Simon that he had entered up one judgment against the Scientific American Compiling Department to pay back some of the funds solicited from one of his clients.

The facts in regard to such charges are as follows: On or about June 13, 1913, the respondent was retained by one G. Lloyd Magruder of Washington, D. C., to bring an action against the Americana Company, a domestic corporation, the Scientific American Compiling Department, a foreign corporation, and certain individuals, for the cancellation of a subscription for $600 to the capital stock of the corporation and the cancellation of one or more promissory notes.

On June 17, 1913, the respondent had a summons issued and delivered it to a process server for service upon the defendants.

On June 18, 1913, the respondent received the following telegram:

"A. E. RAHM,                           *June* 18, 1913.

 "52 Wall Street, New York:

 "Write me fully the information you have as lawyers here have today demanded payment of my note. Do nothing in New York until you hear from me. Send copy at once of agreement I signed; also write fully the action you propose taking and what I may expect from such action.

"G. L. MAGRUDER."

On June 19, 1913, the respondent sent the following letter to Mr. Magruder:·

"Replying to your telegram of yesterday I beg leave to say that action was begun on the 17th instant. I herewith enclose · you copy of your agreement.

"Do not pay the notes there and do·not make any promises of payment of them for the reason that this action here will be for the purpose of cancelling your stock and cancelling your two notes and compel the defendants to reimburse you the amount of money you are out, and if they should sue you in Washington on these notes all you need to do is to plead that an action was begun here on the 17th instant for the cancellation of these notes and that the notes were obtained from you by fraud and deceit and that the Supreme Court of the State of New York, held in and for the county of New York, has the exclusive jurisdiction of the parties and the subject matter. I propose to push them for the money and cancellation of these notes and cancellation of the stock and the money that you are entitled to under your agreement with them:"

On June 23, 1913, service of the summons was made on some of the defendants.

The respondent testifies that he was never able to get any further word from his client Magruder after·the telegram of June eighteenth, and that he had doubts as to whether Magruder himself had sent the telegram in question.

One extension of time was granted by defendants' attorney in which to serve a complaint, and upon the expiration of the extended time the respondent made application to Special Term, Part I, for an extension of time to serve the complaint and for leave to examine the defendants in order that a complaint might be prepared. This motion was denied. Thereafter, the respondent, being convinced, as he testified, that the defendants had settled with Magruder without having seen him, made a motion to compel the defendants to pay the amount that he would have been entitled to under his contract with Magruder, namely, $166.66. This motion was granted by the Special Term on September 24, 1913, but on appeal was reversed by this court (160 App. Div. 875).

We agree with the conclusion of the learned official referee

that the respondent was not justified in writing Magruder on June 19, 1913, that the action had already been commenced, when, as a matter of fact, he had only delivered the summons to a process server for service and did not know whether the action had been commenced by actual service, and that it was improper for the respondent to proceed with the action after the receipt of the telegram from his client directing him to do nothing further until he heard from him.

The client's cause of action is his own. He can institute and prosecute an action, or not, as he sees fit. The fact that an attorney has been retained on a contingent fee does not deprive the client of his cause of action or prevent his control of the prosecution thereof. The attorney has no right to commence an action when his client directs that no action be brought.

The facts in regard to the second charge, which has been sustained, are as follows:

On October 6, 1913, respondent wrote to one Simon, a stockholder of the Scientific American Compiling Department:

"DEAR SIR.— I entered up one judgment against the Scientific American Compiling Department to pay back some of the funds that they had solicited from one of my clients. For information will refer you to the County Clerk's office of New York, in case No. 22,165–1913. If you and your friend want to see me about your matter you had better do so at once. Not to be quoted, but I hear that the principal promotor has sold his home. If you care to take it up, let me hear from you at once."

The only judgment that the respondent had entered against the Scientific American Compiling Department was the order directing the payment to the respondent of the sum of $166.66, being his fee under his contract with Magruder, which order was later set aside.

The statement by the respondent that he had entered up a judgment against the company to pay back some of the funds that they had solicited from one of his clients was intended by the respondent to mean exactly what it says, namely, that he had entered a judgment in behalf of a client for the recovery of money that the client had been induced to put into the capital stock of the company, and it was inserted in the letter

for the purpose of inducing Simon to retain the respondent to recover the money he had invested.

We entirely agree with the learned official referee in his conclusion that in writing the letter to Magruder under date of June 19, 1913, in which the respondent represented that an action had already been begun; in failing to recall the summons from the process server and in commencing the action on June twenty-third, and in representing to Mr. Simon that he had in an action against the Scientific American Compiling Department entered a judgment to recover some of the funds solicited from one of his clients, the respondent was guilty of unprofessional conduct.

It seems hardly necessary to state that an attorney at law in dealing with his own client and prospective clients is required to be frank and truthful. The false statements which he is found to have made were intended to benefit himself. The statement to Magruder was made in order to keep a client, to enable respondent to prosecute an action and to recover compensation therefor. By commencing the action in the face of positive directions of his client not to do so, he succeeded at the Special Term in obtaining a determination in his favor for a sum of money. To be sure, that determination was reversed by this court, but that is not to his credit, for it was obtained against his opposition. By his false statement to Simon he endeavored to obtain a client, with the hope and intention of procuring remuneration for services to be rendered to him. In other words, for his own gain, he made the false statements alluded to. That his efforts to obtain money by these processes were not successful is no palliation of his breach of his professional obligations.

We approve of the report of the official referee holding the respondent guilty of unprofessional conduct, and think that he should be suspended from the practice of his profession for one year.

SCOTT, SMITH, PAGE and DAVIS, JJ., concurred.

Respondent suspended for one year. Order to be settled on notice.